**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE YANZAGUANO-PARRA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12470 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jose Yanzaguano-Parra, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (*Id.* ¶ 16). He was encountered by Border Patrol near Whetstone, Arizona on August 1, 2005. (*Id.* ¶ 22). He was placed into expedited removal proceedings and found to be inadmissible. (*Id.*) Petitioner was removed from the United States on August 26, 2005. (*Id.* ¶ 23).

3. Petitioner reentered the country at an unknown date and time and was detained by immigration authorities on September 18, 2026. (*Id.* ¶¶ 24-25). According to Respondents, Petitioner's removal order was reinstated the same day. (ECF No. 6).

4. Petitioner filed his Petition on September 21, 2026 alleging that Respondents did not follow the proper procedures to reinstate the removal order. (ECF No. 1 ¶¶ 42-50).

5. He also asserts that he has not been provided with required medication. (*Id.* ¶ 30; ECF No. 7-1 ¶¶ 7-9).

6. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he has a reinstated final order of removal. (ECF No. 5 at 1-2).

7. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

9. This Court will sever Petitioner's challenge to the reinstatement process from his allegations that he has not been receiving required medical treatment because this Court does not have jurisdiction to adjudicate Petitioner's challenge to the reinstatement process.

10. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order."

11. The reinstated removal order is administratively final, *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021), and adjudicating this claim would require this Court to determine whether a final order of removal is valid. "This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, '[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions,' related to a

removal order is exclusively available with the Court of Appeals after a final removal order has been issued." *Beteta Beteta v. Blanche*, No. 2:26-cv-04132, 2026 WL 1153661, at *2 (D.N.J. Apr. 29, 2026) (alteration in original) (quoting 8 U.S.C. §§ 1252(a)(5), (b)(9)).

12. Petitioner's "claims raise *legal questions* challenging the government's very basis for trying to remove (and thus detaining) him." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026) (emphasis in original). Therefore, his "questions are not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* (quoting *Öztürk v. Hyde*, 155 F.4th 187, 189, 191-92 (2d Cir. 2025) (Menashi, J., concurring in denial of rehearing en banc)).

13. District Courts have the power to transfer civil actions to cure want of jurisdiction when the interests of justice so require. 28 U.S.C. § 1631.

14. Petitioner challenges ICE's adherence to the procedures required to reinstate his order of removal, which may be brought in a petition for review. *See Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 164 (3d Cir. 2009) ("[F]ull judicial review is available to [a noncitizen] adjudged removable following the reinstatement procedures at issue."); *Arevalo v. Ashcroft,* 344 F.3d 1, 9 (1st Cir. 2003) ("While we cannot revisit the validity of the original deportation order, we do have the authority to determine the appropriateness of its resurrection.")

15. A petition for review must be filed within 30 days of the final order, which in this case would be October 18, 2026. This Court concludes the interests of justice would be served by transferring this claim to the Third Circuit as a petition for review so as to ensure Petitioner's time to file a petition for review does not expire.

16. This Court will retain jurisdiction over Petitioner's medical care claims, and Respondents will be ordered to file an expedited supplemental answer.

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
October 7, 2026