**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE YANZAGUANO-PARRA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-12470 (SDW)**<br><br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Jose Yanzaguano-Parra, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (*Id.* ¶ 16). He was encountered by Border Patrol near Whetstone, Arizona on August 1, 2005. (*Id.* ¶ 22). He was placed into expedited removal proceedings and found to be inadmissible. (*Id.*) Petitioner was removed from the United States on August 26, 2005. (*Id.* ¶ 23).

3. Petitioner reentered the country at an unknown date and time and was detained by immigration authorities on September 18, 2026. (*Id.* ¶¶ 24-25). According to Respondents, Petitioner's removal order was reinstated the same day. (ECF No. 6).

4. Petitioner filed his Petition on September 21, 2026 alleging that Respondents did not follow the proper procedures to reinstate the removal order. (ECF No. 1 ¶¶ 42-50).

5. He also alleged that he has not been provided with required medication. (*Id.* ¶ 30; ECF No. 7-1 ¶¶ 7-9).

6. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because he has a reinstated final order of removal. (ECF No. 5 at 1-2).

7. On October 7, 2026, this Court severed Petitioner's challenge to the reinstatement process from his allegations that he has not been receiving required medical treatment. (ECF No. 10). The reinstatement claims were transferred to the Third Circuit, and this Court retained jurisdiction over the medical claims. (*Id.*)

8. Respondents filed a supplemental answer to Petitioner's medical claims on October 9, 2026. (ECF No. 11).[1]

9. "A conditions-of-confinement claim is cognizable in §2241 proceedings 'only in *extreme* cases.'" *Folk v. Warden Schuylkill FCI*, No. 23-1935, 2023 WL 5426740, at *1 (3d Cir. Aug. 23, 2023) (emphasis in original) (quoting *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020).)

10. This Court has reviewed the submitted medical records and concludes that Petitioner has not satisfied this standard.

11. According to the provided records, ICE conducted an intake screening on September 18, 2026. (ECF No. 11-1 at 80-87). Petitioner indicated that he took metformin and two other medications whose names he could not remember. (*Id.* at 82).[2] He was provided with 1000 mg of metformin during intake. (*Id.* at 85).

12. Petitioner was also prescribed a diet for health based on his diabetes diagnosis. (*Id.* at 89).

---

[1] Respondents filed both their letter response and exhibits under seal. (ECF Nos. 11, 11-1). This Court will direct the Clerk to publish the letter response on the docket as it does not contain any sensitive information. Petitioner's medical records shall remain under seal.

[2] The screening was conducted in Spanish through an interpreter. (ECF No. 11-1 at 81).

13. According to a lab report dated September 15, 2026, Petitioner had a glucose level of 215. (ECF No 7-2 at 2). His Delaney Hall medical records indicate that he had a glucose level of 330 on September 18, 2026, the day he was detained. (ECF No. 11-1 at 4).

14. His glucose level dropped to 244 on September 21, 2026. (*Id.*) On October 1, 2026, the glucose level rose to 317. (*Id.* at 31).

15. It appears that Petitioner entered Delaney Hall with a high glucose level which began to fall a few days into detention. Although the level rose again and remains high as of the latest reports submitted to this Court, it is not as high as the 330 Petitioner was at before entering Delaney Hall.

16. Petitioner's records indicate that his fasting blood glucose is monitored daily. (*Id.* at 4, 99). The administrative note dated October 2, 2026 indicates that Petitioner is to follow-up with the chronic care clinic in 90 days. (*Id.* at 55).

17. The records also indicate that Petitioner receives daily LANTUS (long-acting insulin) injections and other medications. (*Id.* at 97-100).

18. This Court has reviewed the records submitted by both parties and concludes that Petitioner has not shown the extreme circumstances necessary to warrant habeas relief.

19. Moving on to Petitioner's substantive detention claims, this Court must operate under the presumption that the reinstated removal order is administratively final unless and until either the Third Circuit or an immigration court hold otherwise. Accordingly, Petitioner's detention is presently governed by 8 U.S.C. § 1231.

20. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day

detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

21. "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26-cv-3789, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir. 2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267-73 (2025); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26-cv-2911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

22. Petitioner was taken into custody on September 18, 2026, putting him well within the 90-day removal period.

23. As Petitioner's detention is currently mandatory and he has not shown that he is being denied necessary medical care, this Court will deny the Petition.[3]

24. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 22, 2026

[3] This decision is limited to the facts alleged in the Petition, and this Court expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future. Nothing in this Opinion and Order shall be construed to prevent him from making the argument.